IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

JEFFERY L. CLARK and )
DIANE M. CLARK, )
 )
        Plaintiffs )
 )
vs. )
 )
 )   CASE NO. CV97-PWG-0262-J
 )
NATIONAL CABLE SYSTEMS, INC., )
and AMERICAN GENERAL FINANCIAL )
CENTER, )
 )
        Defendants )

Entered 05/15/97

## FINDINGS AND RECOMMENDATION

The above-entitled civil action is before the court on plaintiffs' motion to remand the action to the Circuit Court of Marion County. Defendant American General Financial Center ("AGFC") has filed its response, plaintiffs have filed their reply, and the motion is now ready for disposition.

Mr. and Mrs. Clark filed this action in the Circuit Court of Marion County on or about December 27, 1996. Named as defendants are American General Financial Center and National Cable Systems, Inc. ("National Cable"). The complaint avers plaintiffs purchased a satellite receiver system from an agent or employee of National Cable. It is alleged National Cable told plaintiffs the purchase price of $3,484 would be financed through a closed-end installment note; instead, plaintiffs were given an open-end revolving line of credit with a credit card issued by AGFC. The Clarks assert there is no reasonable prospect of repaying the purchase price through monthly payments. Plaintiffs also

allege they were told the monthly payments for the first several months would pay the interest on the transaction and all remaining monthly payments would go toward the principal amount. Instead, plaintiffs aver only a small portion of each month's payment is used to reduce the principal. Plaintiffs allege causes of action for misrepresentation and suppression of material facts and conspiracy to defraud. Mr. and Mrs. Clark allege they have suffered economic loss, mental anguish and distress, and damage to their credit. They seek an unspecified amount of compensatory and punitive damages in each of the two counts of their complaint.

Defendant AGFC removed this action to federal court on February 3, 1997, claiming diversity jurisdiction. Defendant AGFC is a corporation organized and existing under the laws of the State of Utah, defendant National Cable is a Tennessee corporation, and the Clarks are Alabama residents. Plaintiffs filed a motion to remand this action, asserting the amount in controversy is less than $75,000; therefore, this court lacks subject matter jurisdiction. Defendants argue that because the potential recovery by plaintiff is in excess of $75,000, the amount in controversy requirement is satisfied. They contend that compensatory and punitive damages awards in fraud cases in the State of Alabama against corporate defendants, especially out-of-state corporations, have been in excess of $75,000. AGFC argues that the potential for a large punitive damage award in a fraud case in Alabama satisfies its burden of proof as to the amount in controversy in this action.

Plaintiffs contend the mere recitation of some Alabama fraud cases in which large verdicts were returned is insufficient as a matter of law to prove amount in controversy. They cite portions of the opinion of the Honorable E. B. Haltom, Jr., in *Tidwell v. Reeta Becham, et al.*, CV96-HM-0493-J (N.D. Ala. Sept. 11, 1996), in which he granted a motion to remand after rejecting arguments substantially identical to those made by AGFC in this matter.

## DISCUSSION

Title 28 U.S.C. § 1332(a)(1) provides that district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." In deciding a motion to remand where the parties disagree on federal jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court. *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir. 1994). Because removal is only allowed when the plaintiff's claim could have been filed in federal court originally, the court looks to the plaintiff's complaint to determine whether removal was appropriate.

Plaintiffs' complaint does not request a specific amount of compensatory and punitive damages. In *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), the Eleventh Circuit Court of Appeals established the applicable standard for determining whether the amount in controversy is present for jurisdictional purposes in such cases:

> Thus, we hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $50,000[1] jurisdictional requirement.

In *Standridge v. Wal-Mart Stores, Inc.*, 945 F.Supp. 252 (N.D. Ga. 1996), the district court considered a motion to remand an action in which the damage demand was unspecified. The plaintiff alleged Wal-Mart's negligence caused severe injuries to her back and sought damages for pain and suffering, permanent disability, medical expenses, and economic losses. The court rejected the defendant's argument that the damage award "may" exceed $50,000, finding Wal-Mart only recited

---

[1] *Tapscott* was decided under the former version of 28 U.S.C. § 1332, requiring at least $50,000 in controversy rather than $75,000.

3

its belief the plaintiff would recover more than the jurisdictional amount, without providing substantiating facts. In *Bolling v. Union National Life Insurance Co.*, 900 F.Supp. 400 (M.D. Ala. 1995), the plaintiff alleged fraud, fraudulent suppression, and breach of contract, and sought compensatory and punitive damages in an unspecified amount. The court stated in determining whether the requisite amount in controversy is present, a court should be guided by decisions rendered in similar cases.[2] The *Bolling* court referred to the defendant's recitation of numerous decisions of the Alabama courts in which a fraud action resulted in a verdict in excess of the jurisdictional amount. Ultimately, the court found the amount in controversy requirement satisfied because the potential recovery in a fraud case was greater than $50,000, the plaintiff had not in any way limited her damages claim in her complaint, and she had not offered to settle the case for less than $50,000.

A recent legal development is pertinent to the issues raised by the motion to remand. In *BMW of North America, Inc. v. Gore*, ___ U.S. ___, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), the United States Supreme Court determined punitive damages in the amount of $2,000,000 awarded by an Alabama jury in a fraud case were excessive in light of the small amount of compensatory damages ($4,000) and other factors. The Alabama Supreme Court subsequently ordered a remittitur of damages to $50,000. *BMW of North America, Inc. v. Gore*, ___ So.2d ___, 1997 WL 233910 (Ala. May 9, 1997). While declining to specify a ratio of punitive to compensatory damages that would be considered acceptable in light of the Due Process Clause, it cited with approval the cases of *American Honda Motor Co. v. Boyd*, 475 So.2d 835 (Ala.1985), and *German Auto, Inc. v.*

---

[2] Further, the availability of punitive damages is a factor bearing on the amount in controversy. *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

4

*Tamburello*, 565 So.2d 238 (Ala.1990), in which the ratio of punitive to compensatory damages was approximately 5 to 1. The Alabama Supreme Court reaffirmed the applicability of the factors enunciated in *Green Oil Co. v. Hornsby*, 539 So.2d 218, 223-24 (Ala. 1989),[3] to a review of the constitutionality of a punitive damage award, in addition to the factors set out by the United States Supreme Court in *BMW*.[4] It appears the era of substantial, disproportionate punitive damage awards in Alabama may be drawing to a close after the *BMW* case; therefore, the defendant's concern that it could be subjected to a huge damages award in state court is not necessarily supported by law.

The court concludes that defendant has not established by a preponderance of the evidence that it is more likely than not plaintiffs will recover more than the jurisdictional amount if they prevail

---

[3] The factors to be considered in determining whether a punitive damages award is excessive or inadequate are:

(1) Punitive damages should bear a reasonable relationship to the harm that is likely to occur from the defendant's conduct as well as to the harm that actually has occurred. If the actual or likely harm is slight, the damages should be relatively small. If grievous, the damages should be much greater.
(2) The degree of reprehensibility of the defendant's conduct should be considered. The duration of this conduct, the degree of the defendant's awareness of any hazard which his conduct has caused or is likely to cause, and any concealment or "cover-up" of that hazard, and the existence and frequency of similar past conduct should all be relevant in determining this degree of reprehensibility.
(3) If the wrongful conduct was profitable to the defendant, the punitive damages should remove the profit and should be in excess of the profit, so that the defendant recognizes a loss.
(4) The financial position of the defendant would be relevant.
(5) All the costs of litigation should be included, so as to encourage plaintiffs to bring wrongdoers to trial.
(6) If criminal sanctions have been imposed on the defendant for his conduct, this should be taken into account in mitigation of the punitive damages award.
(7) If there have been other civil actions against the same defendant, based on the same conduct, this should be taken into account in mitigation of the punitive damages award.

[4] The Supreme Court "guideposts" by which a reviewing court may determine whether a punitive damages award is constitutionally excessive are: (1) the degree of reprehensibility of the defendant's conduct; (2) the ratio between the plaintiff's award of compensatory damages and the amount of the punitive damages; and (3) the difference between the punitive damages award and the civil or criminal sanctions that could be imposed for comparable misconduct. ___ U.S. at ___, 116 S.Ct. at 1599.

5

on the question of liability. The purchase price of the satellite reception system was less than $3,500, and there is no other evidence as to any element of damage claimed by plaintiffs nor the *BMW* and *Green Oil* factors. The holding in the *BMW* case casts doubt on the viability of AGFC's arguments in opposition to remand, and *Burns* teaches that any doubt must be resolved in favor of remand.

Accordingly, the magistrate judge **RECOMMENDS** that plaintiffs' motion to remand be **GRANTED** and this action **REMANDED** to the Circuit Court of Marion County, Alabama.

Any party may seek a review of this order by the district court by filing objections within ten (10) days from the date of entry of this order.

**DONE** this 14th day of May, 1997.

PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE

6